**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**Civil Action Number:**

ANCEL MONTENELLI,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,
d/b/a Home Depot,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Ancel Montenelli ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Home Depot U.S.A., Inc. d/b/a Home Depot ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA"), 28 C.F.R. Part 36 and the Illinois Human Rights Act ("ILHRA") as codified at 775 ILCS 5 and alleges as follows:

### INTRODUCTORY STATEMENT

1. Plaintiff brings this action in Federal Court to stop the exclusion of blind, vision impaired, and low vision patrons of Defendant's business.

2. Businesses have choices when they offer their services to the public.

3. Businesses should not operate in any manner that creates discrimination in access to their products and services.

4. Defendant owns and operates a place of public accommodation under the brand name "Home Depot." Home Depot sells home improvement items and also offers for rent to the public trucks and vans ("goods and services," "(rental) vehicles").

5. This Complaint seeks declaratory and injunctive relief to have Defendant create policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services in Defendant's business so that individuals who are disabled and require hand controls to operate vehicles are provided with those auxiliary aids and services by Defendant such that their access to Home Depot rental vehicles is not impeded; as such impediment has rendered Defendant's business not fully accessible to the mobility impaired.

## JURISDICTION

6. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), and 42 U.S.C. §12101, et. seq.

7. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343(a)(3) and §1343 (a)(4)

8. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

9. The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102; "ILHRA") are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

10. Plaintiff Ancel Montenelli is a resident of the state of Illinois, is disabled and a qualified individual as defined by the ADA

11. Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

12. Defendant Home Depot U.S.A., Inc. is authorized to conduct, and is conducting, business within the State of Illinois.

13. At all times material hereto, Defendant has offered for rental trucks and vans at the Home Depot facilities located at 2803 South Cicero Avenue, Cicero, Illinois 60804 and 700 Broadview Village Square, Broadview, Illinois 60153. The Home Depot facilities are the subject of this action and are also referred to as "Home Depot," or "place(s) of public accommodation."

14. All events giving rise to this lawsuit occurred in the State of Illinois.

15. The Home Depot Cicero Avenue and Broadview Village Square facilities are defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) because the both meet the definition of a "other sales or rental establishment" because they offer rental of vehicles to the general public.

16. On June 10, 2018 Plaintiff personally visited the Home Depot locations at 2803 South Cicero Avenue, Cicero, Illinois 60804 and at 700 Broadview Village Square, Broadview, Illinois 60153 with the intention of renting a truck. Plaintiff informed Defendant's representative that he could not use his legs and therefore needed to have

hand controls temporarily installed in the rental truck so that he could drive the truck which he intended to rent.

17. In response to Plaintiff's request that hand controls be installed in the rental truck, Plaintiff was informed by Defendant's representative that Home Depot does not install vehicle hand controls in any rental vehicles, therefore they could not accommodate Plaintiff's request.

18. In response to Plaintiff's request to look into getting hand controls for Plaintiff's intended rental, Plaintiff was told by employees at each Home Depot location that they did not have any trucks available for rent that were equipped with hand controls such as required for individuals who are paraplegic. Home Depot employees recommended Plaintiff rent a truck from Enterprise, and gave a list of Enterprise rental locations for that purpose.

19. Plaintiff did not desire or expect that any vehicle he would rent would be provided as permanently affixed to a rental truck but that Defendant temporarily install hand controls so the he could use the rental truck over the course of the intended rental period.

20. There are numerous companies that sell vehicle hand controls that are universal in design, meaning that they can be used on any vehicle. Installation of hand controls does not render any safety feature inoperable or cause permanent modification or damage to the vehicle itself.

21. Furthermore, installation of hand controls is quick and easy. For example the Automobility 901 model as used by Enterprise is a permanent quick-attach manual hand control unit that requires no hardware to install and is attached with straps and no bolting

or cutting and can be installed in minutes. Hand Drive Co. has developed a system that is so portable that the unit can be handed to the rental agent to the renter for the renter's attachment of the unit on the rental vehicle. When placed on the steering wheel, the Hand Drive unit connects to motors that operate the gas and break. The pre-installed motors within the steering column allow the user to attach the Hand Drive without performing any installation.

22. While there are no standards which define "readily achievable" within the Title III Regulations, technology has made such hand controls available and the installation is so effortless and simple that provision of hand controls for a rental vehicle is clearly readily achievable by a vehicle rental company.

23. Such hand controls are widely used within the car rental agency world[1] and are designed for temporary installation and easy removal and could easily have been installed in the Home Depot which Plaintiff had intended to rent.

24. Plaintiff left Defendant's Home Depot disappointed, embarrassed, and humiliated over being unable to rent a truck from Defendant's place of public accommodation due to Defendant's failure to accommodate his disability.

25. Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities offered by Home Depot to the public, all in violation of the ADA.

26. As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

27. Any and all requisite notice has been provided.

28. For all of the foregoing, Plaintiff has no adequate remedy at law.

---

[1] For example, National, Budget, and Avis use the Kroepke Kontrol; Enterprises uses the Automobility 901;

29. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

30. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

31. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

32. Pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104, Home Depot is a "place of public accommodation" in that it is (among other things) a "other sales or rental establishment" and is open to the general public. As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

33. Defendant Home Depot U.S.A., Inc. d/b/a Home Depot is defined as a "Public Accommodation" within meaning of Title III because it owns, leases, leases to others, or operates an "other sales or rental establishment"; 42 U.S.C. §12182, §12181(7)(E) and the Illinois Human Rights Act, as codified at 775 ILCS 5/5-101(A)(5).

34. Defendant's Home Depot business has discriminated against the Plaintiff by failing and refusing to provide auxiliary aids and services in order to remove barriers to its products and services as provided to the general public, in derogation of 28 C.F.R. Part 36.

35. Defendant has discriminated, and continues to discriminate, against the Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Home Depot business, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

36. Plaintiff has been unable to (and continues to be unable to) enjoy full and equal safe access to (and the benefits of) the accommodations and services offered to the public at Home Depot.

37. Prior to the filing of this lawsuit, the Plaintiff personally visited Home Depot with the intention of renting a truck, but as an individual with a disability (loss of use/function of his lower extremities) has been denied adequate accommodation by virtue of being unable to rent a truck accompanied by hand controls so the he could use the

rental truck over the course of the intended rental period. Plaintiff therefore suffered an injury in fact.

38. The Plaintiff continues to desire to patronize Home Depot and rent a truck in the future, but continues to be discriminated against and injured due to the barriers to access to his rental and use of a truck due to Defendant's failure and refusal to equip the truck with hand controls which would accommodate his intended rental of a truck for his personal use, all in violation of the ADA.

39. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

40. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a) A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b) A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c) A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

41. Under the ADA, any person who owns or operates a place of public accommodation, such as sales or rental business (as is Defendant's vehicle rental service) must ensure that the goods, services, privileges, advantages and opportunities are offered on a full and equal basis. 42 U.S.C. § 12182(a).

42. If there are physical barriers that have the result of excluding persons with disabilities from fully enjoying such goods, services, privileges or advantages, then those barriers must be removed if readily achievable to do so. 42 U.S.C. §12182(b)(2)(A)(iv). Failure to do so is an act of discrimination. *Id.*

43. "A public accommodation shall remove architectural barriers in existing facilities …. where such removal is readily achievable, *i.e.*, easily accomplishable and able to be carried out without much difficulty or expense," 28 C.F.R. § 36.304(b).

44. Among the barrier removal tasks that are readily achievable to accomplish is installing vehicle hand controls. 28 C.F.R. § 36.304(b)(21).

45. Defendant's failure to provide any rental vehicle with hand controls, resulted in persons with disabilities (such as the Plaintiff) being denied the opportunity to rent (and independently operate) a vehicle is discriminatory and a violation of the law.

46. Under the ADA, Defendant has an obligation to make reasonable modifications in its policies, practices or procedures when necessary to afford privileges, advantages or accommodations to individuals with disabilities unless making such modification would fundamentally alter the nature of such accommodations. 42 U.S.C. §12182(b)(2)(A)(ii).

47. Here, providing temporary a vehicle hand control on a rental vehicle so that persons with disabilities can rent and operate that rental vehicle to enjoy the same driving privileges enjoyed by ambulatory customers does not result in a fundamental alteration of Defendant's business and the Defendant's failure to modify its practice after being asked by the Plaintiff is a violation of the ADA.

48. Under the ADA, a public accommodation is not permitted to deny persons with disabilities the opportunity to participate in or benefit from a privilege, advantage, or accommodation or to provide such opportunities that are not equal to that afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(i)&(ii).

49. Moreover, it is unlawful and discriminatory to provide privileges, advantages or accommodations to persons with disabilities that are different or separate from that provided to other person unless such an action is necessary to ensure that the opportunity is as effective as that offered others. 42 U.S.C. § 12182(b)(1)(A)(iii).

50. Based on the above, Home Depot vehicle rental, which is owned and/or operated by Defendant is in violation of 42 U.S.C. §12181 <u>et. seq.</u>, the ADA and 28

10

C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations: failure to remove a barrier which is readily achievable to accomplish by installing vehicle hand controls. 28 C.F.R. § 36.304(b)(21).

51. Defendant Home Depot U.S.A., Inc. has not offered the same opportunities that are equal to (or as effective as) that offered to non-disabled persons and are discriminating against persons with disabilities in violation of the ADA

52. To date, the readily achievable barrier and violation of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

53. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require the provision of hand controls when requested by individuals with disabilities so that its rental vehicles are readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing Home Depot at 2803 South Cicero Avenue, Cicero, Illinois 60804 and at 700 Broadview Village Square, Broadview, Illinois 60153 until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, Ancel Montenelli hereby demands judgment against Defendant Home Depot U.S.A., Inc. and request the following injunctive and declaratory relief:

    a) The Court declares that Home Depot is in violation of the ADA and order Home Depot locations at 2803 South Cicero Avenue, Cicero, Illinois 60804 and at 700 Broadview Village Square, Broadview, Illinois 60153 closed to the public until such time that it is deemed by this Court to be accessible;

11

b) The Court enter an Order requiring Defendant to provide hand controls for its rental vehicles so that they are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Home Depot;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court award such other and further relief as it deems necessary, just and proper.

### COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

54. Plaintiff Ancel Montinelli is a resident of the state of Illinois who also suffers from a disability included within the definition of disability as delineated within the Illinois Human Rights Act ("ILHRA"). The ILHRA which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

55. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102

§1-102(A).

56. The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

57. Defendant's vehicle rental business is a place of public accommodation as defined within 775 ILCS 5/5-101(A)(5).

58. As the owner and/or operator of a vehicle rental business operating with the state of Illinois, Defendant Home Depot U.S.A., Inc. is subject to Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

59. By failing to provide Plaintiff with hand controls for operation of a rental vehicle, Defendant has denied Plaintiff access to its goods and services which it offers to the public. Such refusal of equal access to goods and services is a violation of Illinois law.

60. Such violations of Illinois law were deliberate and knowing.

61. Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendant in accordance with the code of civil procedure.

**WHEREFORE** Plaintiff Ancel Montinelli respectfully prays that this Court grant the following relief against Defendant Home Depot U.S.A., Inc. including damages costs and reasonable attorneys fees and for the following injunctive relief and declaratory relief:

    a) A declaration that Defendant has owned and/or operated its vehicle rental business (a place of public accommodation) in violation of the ILHRA and have violated 775 ILCS 5 <u>et. seq</u> in that the Defendant failed to consider

and accommodate the needs of disabled persons to the full extent required by Illinois law.

b) An Order mandating that Defendant undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that Defendant expeditiously make all reasonable and appropriate modifications to the its vehicle rental facility to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 12th day of November, 2018.

                              Respectfully submitted,

                              *s/Scott Dinin.*
                              Scott R. Dinin, Esq.
                              Scott R. Dinin, P.A.
                              4200 NW 7th Avenue
                              Miami, Florida 33181
                              Tel: (786) 431-1333
                              inbox@dininlaw.com
                              *Counsel for Plaintiff*